# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05-CR-3005-LRR |
| vs. | **ORDER** |
| HEATHER SERVANTEZ, | |
| Defendant. | |

-----------------------

The matter before the court is Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 300). On April 4, 2012, Judge Scoles held a hearing on the First Supplemented and Substituted Petition for Warrant or Summons for Offender Under Supervision (docket no. 293). On April 5, 2012, Judge Scoles issued the Report and Recommendation, which recommends that the court revoke Defendant Heather Servantez's supervised release and that she be sentenced to an 18-month term of imprisonment. Judge Scoles further recommends that, following imprisonment, Defendant continue on supervised release through her originally scheduled end date, with the added condition that she be placed at a residential reentry center. The Report and Recommendation states that, "within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court." Report and Recommendation at 6.

The time to object to the Report and Recommendation has expired and neither party has filed any objections. The parties have thus waived their right to de novo review of the Report and Recommendation. *See United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008) ("[U]pon an objection to a magistrate judge's proposed findings and recommendations pursuant to [18 U.S.C. §] 3401(i), a district court must undertake de novo review."); *see also United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001)

("'Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein.'" (quoting *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994))).  The court finds no plain error in Judge Scoles's decision.  Accordingly, the court hereby **ADOPTS** the Report and Recommendation (docket no. 300) in its entirety.  For the reasons set forth therein, the court finds by a preponderance of the evidence that Defendant violated the terms and conditions of her supervised release.

Therefore, it is the judgment of the court that Defendant Heather Servantez's supervised release is revoked and she is hereby committed to the custody of the United States Bureau of Prisons for a term of 18 months.  Upon release from imprisonment, supervised release shall be reimposed to her original discharge date of October 31, 2016.  Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report, in person, to the probation office in the district to which she is released.  During this period of supervised release, Defendant shall not commit another federal, state or local crime; she shall not illegally possess a controlled substance or a firearm, ammunition, destructive device or other dangerous weapon; she shall cooperate in the collection of a DNA sample, as directed by her probation officer; and she shall comply with the standard conditions that have been promulgated by the Judicial Conference of the United States.  All other terms and special conditions of Defendant's original sentence are reimposed and remain in full force and effect.  In addition, the following special condition is added:

> Immediately following release from imprisonment, Defendant shall reside in a Residential Reentry Center for a period of up to 120 days.  This placement must be in the community corrections component with work release privileges.  While a resident of the Residential Reentry Center, Defendant must abide by all rules and regulations of the facility.  Defendant must report to the Residential Reentry Center at a time and

date to be determined by the Bureau of Prisons, the Residential
Reentry Center and the United States Probation Office.

In fashioning a sentence in this matter, the court has taken into consideration all of the factors in 18 U.S.C. § 3553(a).

Defendant is advised of her right to appeal. If Defendant desires to appeal, she must file a written notice with the Clerk of Court within 14 days of the filing of the judgment. If Defendant is unable to afford an attorney, the court will appoint an attorney to represent her.

The Clerk of Court is **DIRECTED** to send a copy of this order to Defendant, the government and the United States Probation Office. The United States Probation Office is **DIRECTED** to prepare a revocation judgment in accordance with the Report and Recommendation and this order.

**IT IS SO ORDERED**.

**DATED** this 23rd day of April, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA